FILED
DISTRICT OF WYOMING
CHEYENNE

'02 SEP 13 PM 3: 28

CLERK
U.S. DISTRICT COURT

**GARY R. SCOTT**
Hirst & Applegate, P.C.
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
FAX:  307-632-4999

ORIGINAL

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

VISION GAMING & TECHNOLOGY, INC.,    }
                                      }
                    Plaintiff,        }
                                      }
         vs.                          }    Civil No. **02CV 166D**
                                      }
PACE-O-MATIC, INC., MICHAEL R.        }
PACE, and CHRISTOPHER CUMMINGS,       }
                                      }
                    Defendants.       }

## COMPLAINT

1.    Plaintiff Vision Gaming & Technology, Inc. ("Vision Gaming") is a corporation organized and existing under the laws of the State of Georgia whose principal place of business is in Norcross, Georgia.

2.    Upon information and belief Defendant Michael R. Pace is a resident of the state of Wyoming.

3.    Upon information and belief Defendant Christopher Cummings ("Cummings") is an employee of a

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

Receipt # 298497
Summons:  X  issued
          not issued

corporation doing business in the state of Wyoming and is a resident of another state, but not Georgia.

4.    Upon information and belief Defendant Pace-O-Matic, Inc. is a corporation organized and existing under the laws of the state of Wyoming and is doing business in the state of Wyoming.   Vision Gaming shall refer to Defendant Michael R. Pace and Defendant Pace-O-Matic, Inc. jointly as "Pace."

5.    The   Court   has   jurisdiction   pursuant   to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.   The Court has supplemental jurisdiction over Vision Gaming's state law claim pursuant to 28 U.S.C. § 1367.

6.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

7.    Vision   Gaming   has   been   engaged   in   the production and sale of gaming equipment under the trademark and tradename of "POT-O-GOLD."

8.    Vision Gaming was previously known as Leisure Time Technology, Inc. and is now the owner of all rights,

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 2 -

title, and interest owned under the name Leisure Time Technology, Inc.

9. Vision Gaming is the common law owner of the trademark POT-O-GOLD.

10. Vision Gaming has invested money in advertising and otherwise promoting the sale and delivery of gaming equipment under its trademark and tradename.

11. Vision Gaming's trademark and tradename are one of the primary means by which its gaming equipment is identified as having been produced and sold by Vision Gaming.

12. Vision Gaming has built up and has valuable goodwill connected with its business and this goodwill is symbolized by its trademark and tradename.

## COUNT I
### (Federal Common Law Trademark Infringement)

13. Vision Gaming incorporates by reference each and every allegation set forth in paragraphs 1 through 11 of its Complaint.

14. After Vision Gaming acquired the right to use the trademark and tradename, Vision Gaming began the distribution and sale of gaming equipment in interstate

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 3 -

commerce bearing the name "POT-O-GOLD" or a derivative of or imitation of such name.

15. Vision Gaming has been and is now the sole owner of all right, title and interest in the trademark "POT-O-GOLD" which is widely and favorably known to customers as designating gaming software and equipment.

16. Vision Gaming has advertised its gaming software and equipment in business advertisements and other publications using the trademark and/or tradename "POT-O-GOLD."

17. Pace has neither sought nor obtained Vision Gaming's permission to use its trademark or tradename or any derivative or imitation in connection with its business.

18. Pace is producing, offering for sale and/or selling, certain software, or gaming equipment under the designation "POT-O-GOLD."

19. In a letter dated August 6, 2002, counsel for Vision Gaming requested that Pace voluntarily terminate his use of the term "POT-O-GOLD" or any derivative thereof, because such use caused confusion, mistake, or deception to

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

— 4 —

customers.    Despite Vision Gaming's request that Pace cease using the trademark, Pace has continuously and wrongfully promoted the sale of his gaming software and equipment in interstate commerce using the name "POT-O-GOLD" and other similar derivatives of or imitations of the trademark of Vision Gaming.

20.    Pace's continued use of the term "POT-O-GOLD" or any derivative or imitation of the Vision Gaming trademark and/or tradename in advertising, promotion, sale and delivery of gaming equipment is likely to deceive purchasers as to the source of Pace's goods in that the trade and the public are likely to believe the gaming equipment sold by Pace originate with Vision Gaming or with a business that has a legitimate connection with Vision Gaming.

21.    Pace's use of any imitation of or derivative of the Vision Gaming trademark or tradename in connection with the sale and delivery, offering for sale or delivery and advertising of its gaming equipment is likely to cause confusion or mistake to purchasers as to the source of origin or sponsorship or endorsement of such goods or wrongfully

HIRST & APPLEGATE
A Professional Corporation
Law Offices
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 5 -

lead them to conclude that some connection exists between Vision Gaming and Pace.

22. Vision Gaming has been and is now the sole owner and proprietor of all right, title and interest in the Vision Gaming Marks which are widely and favorably known to customers as designating gaming equipment.

23. By reason of Pace's advertisement, sale, offering for sale and distribution of gaming equipment by imitating and/or infringing Vision Gaming's trademark, Pace has caused confusion or mistake as to the source, origin or sponsorship of its gaming equipment, which constitutes infringement of Vision Gaming's trademarks and the taking of Vision Gaming's rights in violation of common law trademark principles.

24. Pace's use of the derivative of or imitation of the Vision Gaming trademark constitutes an infringement of its trademark.

25. Pace's infringement of the Vision Gaming trademark is causing irreparable injury and damage to Vision Gaming's trade, business reputation and goodwill.

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 6 -

26. Pace's infringement of the Vision Gaming trademark will continue to cause irreparable injury, damage and expense to Vision Gaming unless Pace is restrained by order of this Court from further infringement of its trademark.

27. Vision Gaming is without adequate remedy at law because of the continuing nature of the infringement.

### COUNT II
### (Unfair Competition)

28. Vision Gaming incorporates by reference each and every allegation set forth in paragraphs 1 through 27 of its Complaint.

29. This cause of action arises under 15 U.S.C. §1125(a).

30. Pace is not affiliated with, licensed by, or connected in any way with Vision Gaming.

31. Pace's use of the term "POT-O-GOLD" or any derivative or imitation thereof in connection with the sale and delivery, offering for sale or delivery and advertising of the sale and delivery of its software for gaming equipment tends to represent or designate falsely that Pace's sale of

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 7 -

its software for gaming equipment is licensed by, sponsored by, approved of and/or otherwise affiliated with Vision Gaming.

32. Pace's use of the term "POT-O-GOLD" or any derivative or imitation thereof is likely to cause confusion or mistake or to deceive the trade or public as to the affiliation, connection, or association of Pace with Vision Gaming or as to the origin, sponsorship or approval of Pace's good or services by Vision Gaming in violation of 15 U.S.C. §1125(a).

33. Pace's use of the term "POT-O-GOLD" or any derivative or imitation thereof in violation of 15 U.S.C. §1125(a) has damaged Vision Gaming and is likely to continue to damage Vision Gaming for which Vision Gaming is without an adequate remedy at law.

## COUNT III
### (Copyright Infringement)

34. Vision Gaming incorporates by reference each and every allegation set forth in paragraphs 1 though 33 of its Complaint.

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 8 -

35. Vision Gaming has all creative rights to the software program for "POT-O-GOLD."

36. This software program was the original effort of Vision Gaming's predecessor in interest and represented the skill, judgment, and labor of its employees.

37. Vision Gaming is the rightful owner of and has all right, title and interest in the software program known as "POT-O-GOLD" to be used in gaming equipment.

38. Pace has illegally copied quantitatively large portions of the "POT-O-GOLD" software program and qualitatively important portions of the software program. Pace has deliberately chosen to call this copied software program "Platinum Game System," clearly suggesting that the program has the features of the "POT-O-GOLD" software.

39. Pace knowingly infringed Vision Gaming's copyrights by publishing and placing on the market the Platinum Game System containing quantitatively large portions of the "POT-O-GOLD" software system and qualitatively important portions of the "POT-O-GOLD" software system. By reproducing, publishing, offering for sale, distributing and

HIRST & APPLEGATE
A Professional Corporation
Law Offices
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

selling the Platinum Game System, Pace has infringed and is continuing to infringe Vision Gaming's copyrights throughout the United States without the consent of Vision Gaming and in complete disregard of Vision Gaming's exclusive rights.

40. Pace has wrongfully reproduced, manufactured, distributed for sale and sold the Platinum Game System containing quantitatively large portions of the "POT-O-GOLD" software and qualitatively important portions of the "POT-O-GOLD" software without first obtaining a license or other consent from Vision Gaming. Vision Gaming has notified Pace of its wrongful conduct. Despite such notification, Pace has ignored and continues to ignore Vision Gaming's exclusive rights in the "POT-O-GOLD" software, including its entitlement to royalties.

41. The unauthorized and infringing use by Pace of the quantitatively large and qualitatively important portions of the "POT-O-GOLD" software will, unless enjoined, cause irreparable harm, damage and injury to Vision Gaming, in that Vision Gaming's reputation has been damaged as a result of

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 10 -

the failure of Pace to properly credit Vision Gaming as the owner of that software.

42. Vision Gaming has been, and will continue to be, irreparably harmed, damaged, and injured as a result of Pace's infringements and threatened infringements of Vision Gaming's copyrights. In addition, Pace has unlawfully and wrongfully derived and will continue to derive, income and profits from his infringing acts.

## COUNT IV
### *(Unlawful Disclosure of Trade Secret)*

43. Vision Gaming incorporates by reference each and every allegation set forth in paragraphs 1 though 42 of its Complaint.

44. Cummings is a former employee of Vision Gaming.

45. During the course of his employment with Vision Gaming, Cummings had access to and acquired detailed and comprehensive knowledge of Vision Gaming's trade secrets, confidential information and other proprietary information, including business strategies, long term business plans, and detailed technical plans for software for gaming equipment

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 11 -

and gaming equipment. Specifically, Cummings was given access to and acquired detailed and comprehensive knowledge of Vision Gaming's trade secrets, confidential information, and proprietary information which are an integral part of its business.

46. Given his duties and responsibilities as an employee of Vision Gaming, Cummings had a fiduciary duty and duty of loyalty to Vision Gaming to develop, protect, and administer Vision Gaming's business for the benefit of Vision Gaming, including but not limited to preserving the integrity and confidentiality of Vision Gaming's trade secrets and confidential and proprietary information.

47. In 2002 Cummings resigned his employment with Vision Gaming.

48. Cummings has become employed as the Vice President of Engineering for Pace-O-Matic, Inc.

49. Cummings' employment with Pace-O-Matic, Inc. presents an actual threat of harm to Vision Gaming because he possesses knowledge of Vision Gaming's trade secrets and confidential and proprietary information and will be working

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 12 -

in a position that causes him to compete directly with Vision Gaming.

50. Cummings' employment with Pace-O-Matic, Inc. creates the reasonable probability that Vision Gaming's trade secrets and confidential information will be inevitably disclosed to Pace-O-Matic, Inc.

51. Cummings' use and disclosure of Vision Gaming's trade secrets and confidential information is a substantial probability and presents an actual threat of harm to Vision Gaming.

52. Unless enjoined and restrained, Cummings will cause irreparable harm to Vision Gaming for which there is no adequate remedy at law.

**WHEREFORE**, Vision Gaming prays that:

1. Pace, and any agents, servant and employees, and anyone acting by or on behalf of Pace, be temporarily and permanently enjoined from using Vision Gaming's trademark and/or any imitation or derivative thereof.

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, Wyoming 82003-1083

- 13 -

2.   Pace be required pursuant to 15 U.S.C. § 1117 to account to Vision Gaming for all profits realized by him as a result of the above-described trademark infringement;

3.   Vision Gaming receive from Pace all damages sustained as a result of the infringement by Pace of its trademarks;

4.   Vision Gaming recover from Pace its attorney's fees and costs of this action;

5.   Cummings be temporarily and permanently enjoined from disclosing, using, or in any other way exploiting the trade secrets of Vision Gaming.

6.   Vision Gaming be granted such other and further relief as may be just, equitable and proper.

Dated: 13 September 2002.

VISION GAMING & TECHNOLOGY, INC., Plaintiff

BY: _____
GARY R. SCOTT, #5-1939
OF HIRST & APPLEGATE, P.C.
Attorneys for Plaintiff
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541

HIRST & APPLEGATE
A Professional Corporation
Law Offices
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, Wyoming 82003-1083

- 14 -

and for

**JAMES F. MCCARTHY, III**
Katz, Teller, Brant & Hild
2400 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202-4787
(513) 721-4532

**HIRST & APPLEGATE**
A Professional Corporation
*Law Offices*
1720 Carey Avenue, Suite 200
P. O. Box 1083
Cheyenne, Wyoming 82003-1083

- 15 -