

Gary R. Scott
Hirst & Applegate, P.C.
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
(307) 632-4999 (Fax)

James F. McCarthy, III
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202
(513) 721-4532
(513) 762-0006

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **VISION GAMING & TECHNOLOGY, INC.,** | : | Civil Action No. 02 CV 166 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **PLAINTIFF VISION GAMING &** |
| | : | **TECHNOLOGY, INC. AND THIRD-** |
| **PACE-O-MATIC, INC., et al.,** | | **PARTY DEFENDANT ANDRE M.** |
| | : | **HILLIOU'S MOTION FOR** |
| **Defendants** | | **PARTIAL SUMMARY JUDGMENT** |
| | : | |
| v. | : | |
| | : | |
| **ANDRE M. HILLIOU,** | : | |
| | : | |
| **Third Party Defendant.** | | |

Plaintiff Vision Gaming & Technology, Inc. and Third Party Defendant Andre M.

Hilliou (jointly "Vision Gaming") respectfully move this honorable Court for partial

summary judgment on the counter-claim and third-party claim alleging unlawful

deceptive trade practices in violation of the Wyoming Consumer Protection Act, W.S. §

40-12-101 et seq. Vision Gaming does not engage in any "consumer transaction" within the meaning of W.S. § 40-12-102 (a)(ii).  Moreover, the Defendants have failed to satisfy the statutory prerequisites for bringing an action under the Wyoming Consumer Protection Act.  Consequently, Vision Gaming is entitled to judgment on this claim as a matter of law.  This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure and the accompanying memorandum.

Respectfully submitted,

James F. McCarthy, III
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202
(513) 721-4532
(513) 762-0006

and for

Gary R. Scott
Hirst & Applegate, P.C.
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
(307) 632-4999 (Fax)

## MEMORANDUM

### I.    STATEMENT OF FACTS

Vision Gaming is a corporation organized and existing under the laws of the state of Georgia with its principal place of business in Norcross, Georgia. (Affidavit of Barth Aaron ("Aaron Affidavit"), ¶ 2).  Vision Gaming has engaged in the production and sale of gaming equipment for the gaming business, using among other trademarks and trade names, the trademark "Pot-O-Gold™".  (Aaron Affidavit ¶ 3). Vision Gaming sells its gaming equipment under the "Pot-O-Gold™" trademark to authorized and licensed gaming facilities. (Aaron Affidavit ¶ 4).  Vision Gaming does not sell any of its gaming equipment ". . . to an individual for purposes that are primarily personal, family or household". (Aaron Affidavit ¶ 5).  Consequently, Vision Gaming does not engage in any consumer transaction within the meaning of the Wyoming Consumer Protection Act. See W.S. § 40-12-102 (a)(ii).

### II.   ARGUMENT OF LAW

Defendants Pace-O-Matic, Inc., Michael R. Pace and Christopher Cummings (collectively "Defendants") have alleged that Vision Gaming has engaged in deceptive trade practices in violation of the Wyoming Consumer Protection Act, and in particular W.S. § 40-12-105 (a)(i) and (ii), which prohibits a deceptive trade practice in connection with a consumer transaction.  (Counterclaim and Third-Party Complaint, ¶ 25 and ¶ 26). However, Vision Gaming has not engaged in any consumer transactions within the meaning of the Wyoming Consumer Protection Act.  Moreover, Defendants have failed to meet statutory prerequisites for commencing such an action.

W.S. § 40-12-105(a) proscribes deceptive trade practices in connection with a consumer transaction.  W.S. § 40-12-102(a)(ii) defines a consumer transaction to mean:

> ...the advertising, offering for sale, sale or distribution of any merchandise to an <u>individual for purposes that are primarily personal, family or household</u>.

(emphasis added). While Vision Gaming denies unqualifiedly that it has engaged in any deceptive trade practice, Vision Gaming has not and does not advertise, offer for sale, sell or distribute any of its gaming equipment to any individual for purposes that are primarily personal, family or household. Instead, Vision Gaming limits the sale and distribution of its gaming products and gaming equipment to authorized and licensed gaming facilities. Moreover, Vision Gaming has not sold any of its games or equipment in Wyoming. (Aaron Affidavit, ¶ 6). Vision Gaming, therefore, does not engage in any consumer transactions in Wyoming.

In addition to failing to prove any violation of W.S. § 40-12-105, Defendants fail to meet the standing prerequisites required to bring a private action under W.S. § 40-12-108(a). A private action may be commenced when a consumer, ". . . relying upon an uncured unlawful deceptive trade practice . . . ," has actually suffered damages as a result of such unlawful deceptive trade practices. W.S. § 40-12-108(a). Defendants, however, have no "uncured unlawful deceptive trade practice" upon which to rely to bring their counterclaim and third-party claim.

W.S. § 40-12-102 (a)(ix) defines an "uncured unlawful deceptive trade practice" to mean:

> ...an unlawful deceptive trade practice as defined in W.S. 40-12-105:
>
> (A)    With respect to which a consumer who has been damaged by the unlawful deceptive trade practice has given notice to the alleged violator pursuant to W.S. § 40-12-109; and
>
> (B)    Either:

-4-

(I)    No offer to cure has been made to such consumer within fifteen (15) days after such notice;

(II)   The unlawful deceptive trade practice has not been cured as to such consumer within a reasonable time after his acceptance of the offer to cure.

None of the Defendants has given notice to Vision Gaming pursuant to W.S. § 40-12-109. (Aaron Affidavit ¶ 6)  Consequently, Defendants' deceptive trade practices claim under the Wyoming Consumer Protection Act is barred because Defendant failed to meet the statutory prerequisites for bringing a private action.  W.S. § 40-12-109 could not be more explicit:

> No action may be brought under this act, except under W.S. 40-12-108, unless the consumer bringing the action gives within the following time limits notice in writing to the alleged violation of the act, (a) within one (1) year after the initial discovery of the unlawful deceptive trade practice, (b) within two (2) years following such consumer transaction, whichever occurs first, and unless the unlawful deceptive trade practice becomes an uncured unlawful deceptive trade practice as defined in this act.  The notice required under this section shall state fully the nature of the alleged unlawful deceptive trade practice and the actual damage suffered therefrom.

None of the Defendants meet this explicit requirement for brining a private action.

Therefore, Vision Gaming is entitled to judgment as a matter of law.  Vision Gaming does not engage in any consumer transaction within the meaning of the Wyoming Consumer Protection Act.  Defendants have failed to meet the statutory prerequisites for bringing an action under the Wyoming Consumer Protection Act.  Therefore, Vision is entitled to partial summary judgment on the counterclaim and third-party claim under the Wyoming Consumer Protection Act.

Respectfully submitted,

James F. McCarthy, III
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202
(513) 721-4532
(513) 762-0006

and for

Gary R. Scott
Hirst & Applegate, P.C.
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
(307) 632-4999 (Fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff Vision

Gaming & Technology, Inc.'s and Third-Party Defendant Andre M. Hilliou's Motion & for

Partial Summary Judgment was served upon Andrea L. Richard & Lori L. Brand, One

Pioneer Center, Suite 210, 2424 Pioneer Avenue, Cheyenne, WY 82001 and Mark N.

Poovey, Randy S. Springer & John F. Morrow, Jr. Womble, Carlyle, Sandridge & Rice,

PLLC, One West Fourth Street, Winston-Salem, NC 27101 by U.S. Mail, this 17th day of

December, 2002.

James F. McCarthy, III

KTBH: 542624.1

Gary R. Scott
Hirst & Applegate, P.C.
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
(307) 632-4999 (Fax)

James F. McCarthy, III
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202
(513) 721-4532
(513) 762-0006

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **VISION GAMING & TECHNOLOGY, INC.,** | : | Civil Action No. 02 CV 166D |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **AFFIDAVIT OF BARTH F. AARON IN SUPPORT OF PLAINTIFF VISION GAMING & TECHNOLOGY, INC. AND THIRD-PARTY DEFENDANT ANDRE F. HILLIOU'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **PACE-O-MATIC, INC., et al.,** | : | |
| **Defendants,** | : | |
| **v.** | : | |
| **ANDRE M. HILLIOU,** | : | |
| **Third Party Defendant.** | : | |

**STATE OF GEORGIA**          )
                              )
**COUNTY OF GWINNETT**        )

Barth F. Aaron, being duly cautioned and sworn, states upon his personal knowledge as follows:

1.      I am general counsel for Vision Gaming & Technology, Inc. ("Vision Gaming"), having full knowledge of the facts set forth.

2.      Vision Gaming is a corporation organized and existing under the laws of the state of Georgia with its principle place of business in Norcross, Georgia.

3.      Vision Gaming has engaged in the production and sale of gaming equipment for the gaming business, using among other trademarks and trade names, the trademark "Pot-O-Gold™".

4.      Vision Gaming sells its gaming equipment under the Pot-O-Gold™ trademark to authorized and licensed gaming facilities.  Vision Gaming sells its gaming equipment only to commercial establishments for use in the industry or trade.

5.      Vision Gaming does not sell any of its gaming equipment to individuals for purposes that are primarily personal, family or household.

6.      Vision Gaming has not sold any gaming equipment in Wyoming.

7.      None of the defendants has given written notice to Vision Gaming of any alleged deceptive trade practice in violation of the Wyoming Consumer Protection Act.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Barth F. Aaron

Sworn to and subscribed to before me this 13th day of _December_, 2002.

_____
Notary Public

Notary Public, Gwinnett County, Georgia
My Commission Expires April 23, 20__