ORIGINAL

Gary R. Scott
Hirst & Applegate, P.C.
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
(307) 632-4999 (Fax)

James F. McCarthy, III
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202
(513) 721-4532
(513) 762-0006

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **VISION GAMING & TECHNOLOGY, INC.,** | : | Civil Action No. 02 CV 166D |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **PLAINTIFF VISION GAMING &** |
| | : | **TECHNOLOGY, INC. AND THIRD-** |
| **PACE-O-MATIC, INC., et al.,** | : | **PARTY DEFENDANT ANDRE M.** |
| | : | **HILLIOU'S PROPOSED** |
| **Defendants** | : | **FINDINGS OF FACTS AND** |
| | : | **CONCLUSIONS OF LAW FOR** |
| v. | : | **THEIR MOTION FOR PARTIAL** |
| | : | **SUMMARY JUDGMENT** |
| **ANDRE M. HILLIOU,** | : | |
| | : | |
| **Third Party Defendant.** | : | |

Pursuant to U.S.D.C.L.R. 7.1 (b)(2)(D), Plaintiff Vision Gaming & Technology,

Inc. ("Vision Gaming") and Third Party Defendant Andre M. Hilliou respectfully submit

their proposed findings of fact and conclusions of law in support of their motion for

partial summary judgment.

## FINDINGS OF FACT

1.      Vision Gaming is a corporation organized and existing under the laws of the state of Georgia with its principal place of business in Norcross, Georgia.

2.      Mr. Andre Hilliou is the chief executive officer of Vision Gaming.

3.      Vision Gaming has engaged in the production and sale of gaming equipment for the gaming business, using among other trademarks and trade names, the trademark "Pot-O-Gold™".

4.      Vision Gaming sells its gaming equipment under the Pot-O-Gold™ trademark to authorized and licensed gaming facilities.

5.      Vision Gaming sells its gaming equipment only to commercial establishments for use in the industry or trade.

6.      Vision Gaming does not sell any of its gaming equipment to any individual for purposes that are primarily personal, family, or household.

7.      Vision Gaming has not sold any gaming equipment in Wyoming.

8.      Defendants Pace-O-Matic, Inc., Michael R. Pace and Christopher Cummings (collectively "Defendants") have alleged that Vision Gaming and Andre Hilliou have engaged in deceptive trade practices in violation of the Wyoming Consumer Protection Act.

9.    None of the Defendants has given written notice to Vision Gaming or Andre Hilliou of any alleged deceptive trade practice in violation of the Wyoming Consumer Protection Act.

## CONCLUSIONS OF LAW

1.    W.S. § 40-12-105(a) proscribes deceptive trade practices in connection with any consumer transaction in Wyoming.

2.    W.S. § 40-12-102(a)(ii) defines a consumer transaction to mean:

...the advertising, offering for sale, sale or distribution of any merchandise to an individual for purposes that are primarily personal, family, or household.

3.    Neither Vision Gaming nor Mr. Hilliou have advertised, offered for sale, sold, or distributed any gaming equipment to any individual for purposes that are primarily personal, family, or household.  Instead, Vision Gaming limits the sale and distribution of its gaming products and gaming equipment to authorized and licensed gaming facilities.

4.    Vision Gaming sells its gaming equipment only to commercial establishments for use in the industry or trade.

5.    Neither Vision Gaming nor Mr. Hilliou engages in any consumer transactions in Wyoming.

6.    Consequently, neither Vision Gaming nor Mr. Hilliou have violated W.S. § 40-12-105 of the Wyoming Consumer Protection Act.

- 3 -

7.    Defendants fail to meet the statutory prerequisites required to bring a private action under W.S. § 40-12-108(a).

8.    A private action may be commenced when a consumer, "…relying upon an uncured unlawful deceptive trade practice…," has actually suffered damages as a result of such unlawful deceptive trade practices.

9.    Defendants have no "uncured unlawful deceptive trade practice" upon which to rely to bring their counterclaim and third-party claim under the Wyoming Consumer Protection Act.

10.   W.S. § 40-12-102(a)(ix) defines an "uncured unlawful deceptive trade practice" to mean:

…an unlawful deceptive trade practice as defined in W.S. 40-12-105:

(A)   With respect to which a consumer who has been damaged by the unlawful deceptive trade practice has given notice to the alleged violator pursuant to W.S. § 40-12-109; and

(B)   Either:

(I)   No offer to cure has been made to such consumer within fifteen (15) days after such notice;

(II)  The unlawful deceptive trade practice has not been cured as to such consumer within a reasonable time after his acceptance of the offer to cure.

11.   None of the Defendants has given notice to Vision Gaming or Andre Hilliou pursuant to W.S. § 40-12-109.

12.     Defendants have failed to meet the explicit statutory requirements for brining a private action as prescribed in W.S. § 40-12-109, which explicitly provides:

> No action may be brought under this act, except under W.S. 40-12-108, unless the consumer bringing the action gives within the following time limits notice in writing to the alleged violation of the act, (a) within one (1) year after the initial discovery of the unlawful deceptive trade practice, (b) within two (2) years following such consumer transaction, whichever occurs first, and unless the unlawful deceptive trade practice becomes an uncured unlawful deceptive trade practice as defined in this act. The notice required under this section shall state fully the nature of the alleged unlawful deceptive trade practice and the actual damage suffered therefrom.

13.     Vision Gaming is entitled to judgment as a matter of law.

14.     Vision Gaming does not engage in any consumer transaction within the meaning of the Wyoming Consumer Protection Act.

15.     Defendants have failed to meet the statutory prerequisites for bringing an action under the Wyoming Consumer Protection Act.

16.     Therefore, Vision Gaming is entitled to partial summary judgment on the counterclaim and third-party claim under the Wyoming Consumer Protection Act.

Respectfully submitted,

James F. McCarthy, III
Katz, Teller, Brant & Hild
255 East Fifth Street
Suite 2400
Cincinnati, Ohio 45202
(513) 721-4532
(513) 762-0006

- 5 -

- 6 -

and for

Gary R. Scott
Hirst & Applegate, P.C.
1720 Carey Avenue, Suite 200
P.O. Box 1083
Cheyenne, WY 82003-1083
(307) 632-0541
(307) 632-4999 (Fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff Vision Gaming & Technology, Inc.'s and Third-Party Defendant Andre M. Hilliou's Proposed Findings of Fact & Conclusions of Law for their Motion for Partial Summary Judgment was served upon Andrea L. Richard & Lori L. Brand, One Pioneer Center, Suite 210, 2424 Pioneer Avenue, Cheyenne, WY 82001 and Mark N. Poovey, Randy S. Springer & John F. Morrow, Jr. Womble, Carlyle, Sandridge & Rice, PLLC, One West Fourth Street, Winston-Salem, NC 27101 by U.S. Mail, this 17th day of December, 2002.

James F. McCarthy, III

KTBH: 543360.1