ORIGINAL

Andrea L. Richard
Lori L. Brand
Rothgerber Johnson & Lyons LLP
2424 Pioneer Avenue, Suite 210
P.O. Box 808
Cheyenne, Wyoming 82003-0808
307/638-6262

Mark N. Poovey
John F. Morrow, Jr.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3584

Attorneys for Defendants

FILED
DISTRICT OF WYOMING
CHEYENNE

2003 JAN -7  AM IO: 36

CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| VISION GAMING & TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 02-CV-166J |
| | ) | |
| PACE-O-MATIC, INC., MICHAEL R. PACE, and CHRISTOPHER CUMMINGS, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| ANDRE M. HILLIOU, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**DEFENDANTS, COUNTERCLAIMANTS AND THIRD-PARTY PLAINTIFFS'
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to U.S.D.C.L.R. 7.1(b)(2), Defendants, Counterclaimants, and Third-Party

Plaintiffs Pace-O-Matic and Michael Pace ("Pace") hereby submit their proposed findings of fact

and conclusions of law in response to Plaintiff Vision Gaming & Technology Inc.'s and Mr. Hilliou's Motion for Partial Summary Judgment, filed December 17, 2002.

## PROPOSED FINDINGS OF FACT

1.    On October 7, 2002, Pace filed counterclaims and third party claims against Vision and its president, Mr. Hilliou, for federal unfair competition, tortious interference with prospective economic advantage or business expectancy, and unlawful deceptive trade practices under W.S. § 40-12-101 et seq.   (*See* Answer, Counterclaims, and Third Party Complaint, Filed October 7, 2002).

2.    In their Counterclaims and Third Party Complaint, Pace alleged that Vision and Mr. Hilliou have "[M]ade inaccurate statements to the relevant marketplace concerning the game designers and software engineers employed by Vision, in a manner that is deceptive and misrepresents the source of Vision's and Pace's games and software, as well as Vision's and Pace's ability to engineer and develop new games and software." (*See* Counterclaims and Third Party Complaint, at ¶ 10).   As concerns the unlawful deceptive trade practices claim, Pace alleged that such acts "constituted a misrepresentation that Vision's and/or Pace-O-Matic's goods have a source, origin, sponsorship, or approval which they do not have," and that such acts "constituted a misrepresentation that Vision and/or Mr. Hilliou have a sponsorship, approval or affiliation which they do not have." (*Id*. at ¶¶ 24-25).

3.    In an interview with "North American Casino" magazine, Mr. Hilliou and Vision misrepresented to an individual named Melanie Dellas that Vision has the same game designers, software engineers, and architects that worked for its predecessor in interest, Leisure Time Technologies, and that designed the Pot-O-Gold software and gaming system now sold by Vision. (*See* Exhibit A to Pace's Responsive Brief).

4.    Michael Pace was the primary creator of the Pot-O-Gold software and gaming system now sold by Vision. (Believed to be undisputed by Vision and Mr. Hilliou).

5.    Michael Pace has never worked for Vision or Leisure Time Technologies. (Believed to be undisputed by Vision and Mr. Hilliou).

6.    To date, Vision has successfully avoided providing discovery on issues pertinent to Vision's Motion for Partial Summary Judgment. (*See* Pace's Responsive Brief and Exhibit C thereto).

7.    As detailed in Pace's responsive brief, and because Pace has yet to receive discovery from Vision and Mr. Hilliou, Pace specifically denies Vision's and Mr. Hilliou's Proposed Findings of Fact Nos. 5, 6, 7 and 9.

## PROPOSED CONCLUSIONS OF LAW

1.    Pursuant to Wyo. Stat. § 40-12-105(a)(i), "a person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly

> (i) Represents that merchandise has source, origin, sponsorship, approval, accessories or use it does not have;
>
> (ii) Represents that he has a sponsorship, approval, or affiliation he does not have. . ."

2.    In the Counterclaims and Third Party Complaint, Pace alleged that Vision and Mr. Hilliou have "[M]ade inaccurate statements to the relevant marketplace concerning the game designers and software engineers employed by Vision, in a manner that is deceptive and misrepresents the source of Vision's and Pace's games and software, as well as Vision's and Pace's ability to engineer and develop new games and software." (*See* Counterclaims and Third Party Complaint, at ¶ 10). As concerns the unlawful deceptive trade practices claim, Pace

alleged that such acts "constituted a misrepresentation that Vision's and/or Pace-O-Matic's goods have a source, origin, sponsorship, or approval which they do not have," and that such acts "constituted a misrepresentation that Vision and/or Mr. Hilliou have a sponsorship, approval or affiliation which they do not have." (*Id.* at ¶¶ 24-25). Pace's Counterclaims and Third Party Complaint therefore adequately allege that Vision and Mr. Hilliou have committed unlawful deceptive acts specifically prohibited by Wyoming's Consumer Protection Act, W.S. § 40-12-105(a)(i).

3.      Vision's and Mr. Hilliou's misrepresentations to the marketplace in connection with sales of their video games were made *in connection with* consumer transactions, as required by Wyoming's Consumer Protection Act.

4.      Because Vision has avoided providing discovery on issues pertinent to its Motion for Partial Summary Judgment, the Motion is also premature and must be denied under Fed .R. Civ. P. 56(f).

5.      Because Pace raised its claim for unlawful deceptive trade practices as a counterclaim, Pace was not required to comply with the notice and cure provision of W.S. § 40-12-109.

6.      The notice and cure provision of W.S. § 40-12-109 was not intended to apply to unlawful deceptive trade practice claims raised for the first time as counterclaims.

7.      As detailed in Pace's responsive brief, and because Pace has yet to receive discovery from Vision and Mr. Hilliou, Pace specifically denies Vision's and Mr. Hilliou's Proposed Conclusions of Law Nos. 3, 4, 5, 6, 7, 9, 11, 12, 13, 14, 15 and 16.

RESPECTFULLY SUBMITTED this 7th day of January, 2003.

Andrea L. Richard
ROTHGERBER JOHNSON & LYONS, LLP
One Pioneer Center
2424 Pioneer Avenue, Suite 210
Cheyenne, Wyoming  82001-3076
Telephone:     307-638-6262

and

John F. Morrow, Jr.
WOMBLE CARLYLE SANDRIDGE & RICE,
PLLC
One West Fourth Street
Winston-Salem, NC  27101
Telephone:     (336) 721-3584

Attorneys for Defendants

## *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that on the 7th day of January, 2003, a true and correct copy of the foregoing documents was served  by depositing same in the United States Mail, postage prepaid, addressed to:

Gary R. Scott
Hirst & Applegate
Post Office Box 1083
Cheyenne, WY  82003-1083

James F. McCarthy, III
Katz, Teller, Brant & Hild
2400 Chemed Center
255 East Fifth Street
Cincinnati, OH  45202-4787

Of: Rothgerber Johnson & Lyons LLP